**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 24-4637**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JACK F. GIBBINS, III,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Thomas S. Kleeh, Chief District Judge.  (1:22-cr-00059-TSK-MJA-1)

_____

Submitted:  November 13, 2025                    Decided:  January 21, 2026

_____

Before KING, RICHARDSON, and BENJAMIN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  Elizabeth B. Gross, Assistant Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Clarksburg, West Virginia, for Appellant.  Randolph J. Bernard, Acting United States Attorney, Maximillian F. Nogay, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Wheeling, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jack F. Gibbins, III, appeals his conviction entered pursuant to a conditional guilty plea to one count of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C). On appeal, Gibbins challenges the district court's denial of his motion to suppress drug evidence discovered in his pants at the hospital where Gibbins was being treated after an attempted traffic stop. The district court accepted the recommendation of the magistrate judge and concluded that the evidence was admissible under the inevitable discovery doctrine. Gibbins argues on appeal that the district court erred by making independent witness credibility findings that differed from the magistrate judge's findings without holding an evidentiary hearing. We affirm.

The Fourth Amendment protects "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. Subject to certain exceptions, the government generally "is prohibited from using evidence discovered in an unlawful search against the individual whose constitutional right was violated." *United States v. Seay*, 944 F.3d 220, 223 (4th Cir. 2019). "One such exception is the inevitable discovery doctrine, which allows the government to use evidence gathered in an otherwise unreasonable search if it can prove by a preponderance of the evidence that law enforcement would have ultimately or inevitably discovered the evidence by lawful means." *Id.* (citation modified). "'Lawful means' include an inevitable search falling within an exception to the warrant requirement, such as an inventory search, that would have inevitably uncovered the evidence in question." *United States v. Bullette*, 854 F.3d 261, 265 (4th Cir. 2017).

2

"When, as here, a district court denies a motion to suppress, we review the court's legal conclusions de novo and its factual findings for clear error, considering the evidence in the light most favorable to the government." *United States v. Turner*, 122 F.4th 511, 516 (4th Cir. 2024) (citation modified), *cert. denied*, 145 S. Ct. 1894 (2025). "Whether law enforcement would have inevitably discovered the evidence by lawful means is a question of fact, and we thus accord great deference to the district court's findings." *Bullette*, 854 F.3d at 265. "A court reviewing for clear error may not reverse a lower court's finding of fact simply because it would have decided the case differently. Rather, a reviewing court must ask whether, on the entire evidence, it is left with the definite and firm conviction that a mistake has been committed." *United States v. Ferebee*, 957 F.3d 406, 417 (4th Cir. 2020) (citation modified). "If the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." *Id.* (citation modified).

After holding a hearing on Gibbins's motion to suppress evidence, the magistrate judge made credibility findings and concluded that Gibbins's pants were transported to the regional jail and that the evidence found in Gibbins's pants pocket at the hospital would have been discovered during routine inventory searches either before Gibbins was transported to the regional jail or upon his arrival at the jail. The magistrate judge therefore determined that the evidence fell within the inevitable discovery exception to the warrant requirement. Gibbins filed objections to the recommendation, specifically challenging the magistrate judge's credibility findings. The district court agreed with the magistrate

3

judge's assessment of Gibbins's credibility, explained its conclusion that Gibbins lacked credibility, and adopted the magistrate judge's recommendation that the evidence was admissible because it would have inevitably been discovered during a routine inventory search.

Where a party objects to a magistrate judge's credibility determinations specifically, the district court must conduct a de novo review of the credibility determinations. *United States v. Raddatz*, 447 U.S. 667, 674 (1980). The court need not "rehear the contested testimony in order to carry out the statutory command to make the required determination." *Id.* (citation modified). Rather, the court must determine whether the magistrate judge's credibility determinations are supported by the record as a whole and, if they are, defer to those determinations. *See United States v. Gibbs*, 421 F.3d 352, 357 (5th Cir. 2005) (noting that district court's "deference to the magistrate[ judge]'s credibility determinations is appropriate when they are supported by the record"); *Cullen v. United States*, 194 F.3d 401, 407 (2d Cir. 1999) (providing that "a district judge should normally not reject a proposed finding of a magistrate judge that rests on a credibility finding without having the witness testify before the judge").

Based on the foregoing principles and a review of the record, we discern no impermissible credibility determinations that would require reversal of the district court's findings regarding the applicability of the inevitable discovery doctrine. In the report and recommendation, the magistrate judge determined that Gibbins lacked credibility, noting that Gibbins "could not recall numerous details and made contradictory statements

4

throughout the evidentiary record." (J.A. 403).[*] In reviewing the magistrate judge's report and the witnesses' credibility, the district court agreed with the magistrate judge's assessment, similarly noting that Gibbins "made several false statements during his testimony" during the suppression hearing. (J.A. 445). The district court then identified and elaborated on the specific inconsistencies in Gibbins's testimony, including Gibbins's mischaracterizations of the circumstances of his detention. The court made its findings based on the entire court record, including transcripts of the witnesses' testimony, the parties' arguments at the suppression hearings and in their briefs, and the supporting exhibits submitted into evidence. The court's credibility findings were not different from the magistrate judge's findings, nor were they impermissibly more detailed. We therefore conclude that the district court was not required to conduct its own evidentiary hearing.

Our review of the record reveals no reversible error by the district court in denying Gibbins's motion to suppress the evidence. *See Turner*, 122 F.4th at 516 (providing standard). Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] Citations to the J.A. refer to the Joint Appendix filed by the parties in this case.